■ JOHN RODDEN et al., Doing Business as CREST HALL HEALTH RELATED FACILITY, Appellants, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. (Action No. 1.) MORRIS GOLDSMITH, as Sole Proprietor of OAK HOLLOW NURSING CENTER, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. (Action No. 2.) — Appeals from orders of the Supreme Court at Special Term (Cholakis, J.), entered April 15, 1982 in Albany County, which granted defendants judgment declaring that defendants may recover any overpayments to plaintiffs for the 1976 Medicaid reimbursement rate year. These two declaratory judgment actions, consolidated for appeal, involve identical challenges to retroactive adjustments made in plaintiffs' Medicaid reimbursement rates. Plaintiffs, proprietors of two Suffolk County residential health care facilities, take exception to Special Term's determination granting summary judgment in defendants' favor, the effect of which was to sustain an adjustment in plaintiffs' rates so as to recoup overpayments made in 1976. The dispute originates with the 1975 addition to article 28 of the Public Health Law of section 2808 which necessitated the development of new regulations respecting the establishment of reimbursement rates. Because of delays in issuing these regulations, the Department of Health twice notified plaintiffs by hospital memoranda dated October 31, 1975 and January 9, 1976 that their 1975 reimbursement rates would be extended on an interim basis through 1976 until the department was able to promulgate final rates comporting with the new regulations. The 1976 rate schedule eventually emerged on October 31, 1976; these new rates replaced the tentative rates and were to be applied retroactively to cover the period beginning January 1, 1976. The validity of this retroactive application was sustained in *Matter of Kaye v Whalen* (56 AD2d 111, affd 44 NY2d 754, app dsmd 439 US 922). In our earlier decision in this matter (79 AD2d 29), we concluded that *Matter of Kaye* did not present a *res judicata* bar to plaintiffs because the instant cases were factually distinguishable from *Matter of Kaye*. Plaintiffs contend that letters dated January 26, 1976, written to them by the Department of Health, established the final

rates payable to their institutions for the year 1976, and, therefore, retroactive reduction in their rates brought about by the new regulation was improper and recoupment impermissible. We affirm. An examination of the letters in question reveals that they were decisions disposing of earlier appeals brought by plaintiffs which sought increases in their 1975 reimbursement rates; these requests were occasioned by additional expenses plaintiffs incurred providing increased services to their patients. In both letters, the department found merit to the appeals and revised upward the rates payable to the nursing homes for the period February 1, 1976 through December 31, 1976. Each letter stated that the revision included adjustments to reflect the success of the appeal. One letter ended by declaring that the processing of the appeal "has been completed and is closed"; the other proclaimed, "This constitutes the final determination * * * concerning this appeal". The only final decision announced in the letters related to the dispositions of the appeals, not the setting of permanent 1976 rates. Moreover, the rate adjustments conveyed by these letters were not denominated final certified rates and, by their plain language, these letters simply recognized the success of the appeals. It is also noteworthy that the adjustments did little more than reflect the intention expressed in the October and January hospital memoranda to pay proper 1975 rates as interim 1976 rates. Furthermore, plaintiffs, by virtue of the generally issued hospital memoranda, were undoubtedly aware of the ongoing efforts to promulgate new regulations; thus, any revision in their. rates not mentioning these new regulations could only reflect an interim rate. Since the foregoing, without more, justifies Special Term's decision, there is no need to consider plaintiffs' argument that affidavits in support of defendants' motions were improper. Orders affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.